UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8087 GAF (CTx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | John O. Huske v. Bayer Corporation et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**       (In Chambers)

### ORDER TO SHOW CAUSE RE: DIVERSITY JURISDICTION

Plaintiff John O. Huske filed a complaint against Defendants Bayer Corporation, Bayer Healthcare, and Bayer AG (Collectively "Defendants") for various claims arising out of injuries Plaintiff received from a pharmaceutical product designed and manufactured by Defendants. Plaintiff filed the complaint in federal court alleging subject matter jurisdiction under 28 U.S.C. § 1332(a).

To satisfy 28 U.S.C. § 1332(a), Plaintiff must sufficiently allege that Plaintiff and each defendant are citizens of different states. Here, Plaintiff has alleged his residency, but not his citizenship. Residency and citizenship are two different inquiries. Diversity requires allegations as to the *citizenship* of all parties. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (residence and citizenship are not synonymous for diversity purposes). Further, for corporations their citizenship is established through both their state of incorporation and their principle place of business. 28 U.S.C. § 1332(c)(1). Plaintiff has successfully alleged the state of incorporation and principle place of business of Defendant Bayer and Defendant Bayer AG. (Compl. ¶ 2, 4.) However, Plaintiff lists Bayer Healthcare, a division of Bayer Pharmaceutical Corporation, as a Defendant. Plaintiff attempts to establish Bayer Pharmaceutical Corporation's citizenship by alleging only its principle place of business. (Id. ¶ 3.) This fails to establish citizenship under 28 U.S.C. § 1332(c)(1) because it does not state Bayer Pharmaceutical Corporation's state of incorporation. Thus, Plaintiff has failed to establish that Plaintiff and Defendants are citizens of different states. Therefore, Plaintiff has failed to establish that the Court has diversity jurisdiction under section 1332(a).

LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-8087 GAF (CTx) | Date | November 24, 2009 |
|---|---|---|---|
| Title | John O. Huske v. Bayer Corporation et al | | |

  Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff must respond in a written memorandum to be filed on or before **Friday, December 4, 2009**.

  **IT IS SO ORDERED.**